# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-444V
Filed: November 20, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ELIZABETH S. BELL, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Influenza; |
| | * | Shoulder Injury ("SIRVA"); |
| SECRETARY OF HEALTH | * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Glenn Edwards Bowens*, Bowens Law Firm, Winnsboro, SC, for petitioner.
*Douglass Ross*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On May 1, 2015, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury as a result of a September 14, 2010 influenza vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 11, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for a Shoulder Injury Related to Vaccine Administration ("SIRVA"). On November 20, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $55,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $55,000.00 in the form of a check payable to petitioner, Elizabeth S. Bell.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

>           **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| **ELIZABETH S. BELL**, | \* |
| Petitioner, | \* |
| v. | \*  No. 15-444V (ECF) |
|  | \*  CHIEF SPECIAL MASTER |
|  | \*  NORA BETH DORSEY |
| **SECRETARY OF HEALTH AND HUMAN SERVICES**, | \* |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 11, 2015, the Chief Special Master found that a preponderance of the medical evidence indicates that petitioner suffered a shoulder injury related to vaccine administration ("SIRVA"), which was causally related to the flu vaccination she received on September 14, 2010. The parties proceeded thereafter to address the amount of compensation to be awarded in this case.

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a total lump sum of $55,000.00, which amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $55,000.00 in the form of a check payable to petitioner. Petitioner agrees.

                                            Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

 LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

 */s/ DOUGLAS ROSS*
DOUGLAS ROSS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel.: (202) 616-3667

DATE: November 20, 2015

2